```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

UNITED ASSOCIATION OF PLUMBERS
AND PIPEFITTERS, LOCAL 619                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:05-cv-30(DCB)(JMR)

LEWIS MECHANICAL CONTRACTORS                             DEFENDANT

                              ORDER

   This cause is before the Court <u>sua</u> <u>sponte</u> on the matter of the plaintiff's submission of a proposed default judgment awarding damages, as requested in the Court's Order Granting Motion for Default Judgment dated February 28, 2006.  Having carefully reviewed the record in this case, the Court finds as follows:

   The Complaint in this action was filed by United Association of Plumbers and Pipefitters, Local 619 ("the Union") against Lewis Mechanical Contractors on February 16, 2005.  On April 5, 2005, the summons was returned executed as "served personally upon the defendant."  Return of Service, docket entry 2.  The return of service does not indicate who was served personally, nor that person's position with or relationship to the defendant.  The Court assumes that Lewis Mechanical Contractors is either a corporation or a sole proprietorship.[1]  The Complaint does not disclose the

---

[1] The Plumbers and Pipefitters Local No. 619 Working Agreement Signatory Page, attached as Exhibit "A" to the Affidavit of David G. Newell on behalf of the plaintiff, is signed by "Reggie" (last name illegible) on behalf of "Lewis Mech. Cont." as "President" of "A Corporation in the State of Tennessee;" however, there is also a check mark beside the phrase "Individual Owner."

nature of the entity being sued.  It appears to the Court that it may be necessary for the plaintiff to amend the Complaint, either to bring in a new party, or to clarify the name of the defendant. In either event, the Order Granting Motion for Default Judgment would have to be vacated to allow the amendment.

The Court also notes that the plaintiff is seeking damages pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for damages to be awarded "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title."  Pursuant to Section 502 of ERISA, a civil action may be brought by a participant, beneficiary or fiduciary to enjoin violations of ERISA or to enforce the provisions of ERISA or terms of benefit plans.  The purpose of Section 515 of ERISA, 29 U.S.C. § 1145, is to recover delinquent contributions.  It provides that every employer who has promised to make contributions to a multiemployer plan pursuant to a plan or collective bargaining agreement must make such contributions. These suits are generally brought by the fund, and/or its trustees, whereas the action to enforce the collective bargaining agreement itself is brought by the union.  See, e.g. Central States S.E. & S.W. Areas Pension Fund v. Kraftco, Inc., 589 F.Supp. 1061, 1064 (M.D. Tenn. 1984).

In this case, the Union is the sole plaintiff.  Thus it would appear that in order to recover damages under 29 U.S.C. §

1132(g)(2) for a violation of 29 U.S.C. § 1145, the Complaint would have to be amended to add as a party plaintiff the funds and/or the funds' trustees, for purposes of which the Order Granting Motion for Default Judgment would have to be vacated.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff show cause, within ten (10) days from the date of entry of this Order, why the Order Granting Motion for Default Judgment dated February 28, 2006, should not be vacated.  The plaintiff should also inform the Court how it wishes to proceed in this matter.

SO ORDERED, this the   24th   day of March, 2006.

                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE