IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED ASSOCIATION OF PLUMBERS
AND PIPEFITTERS, LOCAL 619                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 5:05-cv-30(DCB)(JMR)

LEWIS MECHANICAL CONTRACTORS                                      DEFENDANT

ORDER

This cause is before the Court following an order granting the plaintiff's motion for default judgment, the plaintiff's submission of a proposed default judgment awarding damages, and an order requiring the plaintiff to furnish additional information to the Court.  Having carefully reviewed the plaintiff's submissions, the Court finds as follows:

The Complaint in this action was filed by United Association of Plumbers and Pipefitters, Local 619 ("the Union") against Lewis Mechanical Contractors on February 16, 2005.  On April 5, 2005, the summons was returned executed as "served personally upon the defendant."  Return of Service, docket entry 2.  However, the return of service does not indicate who was personally served, nor that person's position with or relationship to the defendant; and neither the return of service nor the complaint indicate whether or not the defendant is a corporation.  The plaintiff has now submitted the following information: Lewis Mechanical Contractors is a Tennessee corporation.  Response to Order to Show Cause, ¶ 1.  On April 5, 2005, Danielle Dreggors (now Quick) personally served

the summons and copy of the complaint on Reggie Lewis, owner and president of Lewis Mechanical Contractors, Inc.  Affidavit of Danielle Quick, ¶ 2.  The Court therefore finds that the defendant has been properly served with process.

The defendant has failed to answer, plead or otherwise defend the complaint.  Since the defendant has been determined by the Court to be in default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true.  U.S. for Use of M-CO Const., Inc. v. Shipco General, 814 F.2d 1011, 1014 (5th Cir. 1987).  Nevertheless, "a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered."  Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  Id. (emphasis in original).

The plaintiff's complaint asserts that this is an action by the "Trustee Fiduciaries" of an employee pension benefit plan and five employee welfare benefit plans, seeking to recover allegedly delinquent mandatory employer contributions to the plans.  Complaint, ¶ 1.  The plaintiff seeks recovery under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.  Complaint, ¶ 2.  However, the only named plaintiff in this action is the Union.  Pursuant to Section 502 of ERISA, a

civil action to enforce provisions of ERISA or terms of benefit plans may be brought only by participants, beneficiaries or fiduciaries. 29 U.S.C. § 1132(a). The Union cannot be a participant or beneficiary; therefore, it must set forth sufficient facts to establish that it is a fiduciary under the plans. This it has failed to do. The Court therefore finds that the Union does not have standing to sue under ERISA, and the Court does not have subject matter jurisdiction over the plaintiff's ERISA claims.

The Union also asserts that it has standing to sue under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which provides that "suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce" may be brought in the district court. Response to Order to Show Cause, ¶ 2; Complaint, ¶ 1. The Court finds that the Union is seeking redress for a past violation of a collective bargaining agreement between it and Lewis Mechanical Contractors, Inc. ("LMC"), the measure of which is the amount of unpaid contributions the Union would have received had LMC not committed the breach. This is a remedy which the Union has a legal right to pursue. See <u>Oil, Chemical and Atomic Workers, International Union, Local 4-23 v. Texaco, Inc.</u>, 88 F.R.D. 86, 89 (E.D. Tex. 1980)(remedy of specific performance of collective bargaining agreement "is identical to money damages, as the plaintiff demands the immediate payment of a sum of money which it

claims is required by the labor agreement"). The Court therefore finds that it has subject matter jurisdiction of this action pursuant to the LMRA, 29 U.S.C. § 185(a).

The plaintiff's claim under 29 U.S.C. § 185, which is essentially a breach of contract claim, requires proof of the existence of a contract, the defendant's breach thereof, and damages. The plaintiff alleges that it entered into a Working Agreement with the defendant on April 12, 2004, which required the defendant to remit a three (3) percent working assessment union dues checkoff to benefit the funds described in the complaint. Complaint, ¶ 3. The plaintiff further alleges that the defendant has refused to make the required contributions which have been owed the Union and the funds since July 15, 2004. Complaint, ¶ 11. In support of its motion for default judgment, the plaintiff has submitted an affidavit of David G. Newell, an organizer for the Union, who states that the total owed by LMC is $20,144.16. In support of his affidavit, he attaches a Remittance Report submitted by LMC to the Plumbers and Pipefitters National Pension Fund, showing the following amounts due:

    3% working assessment (dues) ........... $1,630.65

    National Pension Fund .................. $8,380.00

    International Training Fund ............   $128.93

    H & W .................................. $8,818.47

    TriState Organizing Fund ...............   $257.85

```
     JAC Training ..........................    $773.55
     PAC Fund ..............................    $154.71
                             TOTAL     $20,144.16
```

The Court finds that there is a sufficient basis in the pleadings to enter a default judgment.  The plaintiff has submitted evidence that LMC was a party to the Working Agreement, and that LMC is liable under the contract.  As for damages, the plaintiff requests that it "be awarded only the amount of delinquent contributions under its Working Agreement with Lewis Mechanical, or $20,144.16."  Response to Order to Show Cause, ¶ 2.  Because this is a sum certain which appears in a document prepared by LMC itself, it is  "a liquidated sum, or one capable of mathematical calculation," and  damages may be awarded without an evidentiary hearing. <u>Leedo Cabinetry v. James Sales & Distribution, Inc.</u>, 157 F.3d 410, 414 (5th Cir. 1998).  Accordingly,

IT IS HEREBY ORDERED that a Final Default Judgment shall be entered pursuant to Fed.R.Civ.P. 55 and 58, and in accordance with this Order.

SO ORDERED, this the 31st day of October, 2006.

<u>S/DAVID BRAMLETTE</u><br>
UNITED STATES DISTRICT JUDGE

5